**Dale LUCHT and Terry Lucht, Plaintiffs–Appellees,**

v.

**MOLALLA RIVER SCHOOL DISTRICT, Defendant–Appellant.**

No. 99–35733.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2000

Filed Sept. 5, 2000

Richard G. Cohn–Lee and Andrea L. Hungerford, The Hungerford Law Firm, West Linn, Oregon, for the defendant-appellant.

Dana R. Taylor, Hagen, Dye, Hirschy & DiLorenzo, P.C., Portland, Oregon, for the plaintiffs-appellees.

Before: FERGUSON, GRABER, and W. FLETCHER, Circuit Judges.

GRABER, Circuit Judge:

Plaintiffs Dale and Terry Lucht have an autistic son who lives within the area served by Defendant, the Molalla River School District. Plaintiffs' son is entitled to special-education benefits under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400–1490. After making several informal complaints to Defendant regarding their son's educational program, Plaintiffs filed a complaint with the Oregon Department of Education (Department) pursuant to Oregon's Complaint Resolution Procedure (CRP), provided by Oregon Administrative Rule 581–001–0010 (recodified at 581–015–0054). In that complaint, Plaintiffs alleged that Defendant had committed several violations of the IDEA in the course of educating their son.

The Department investigated Plaintiffs' complaint and concluded that Defendant had violated several provisions of the IDEA. The Department ordered Defendant to convene an Individualized Education Program (IEP) meeting to address the errors that it had identified. As instructed, Defendant held several IEP meetings to formulate a new IEP for Plaintiffs' son. Plaintiffs attended the IEP meetings and, in at least three of those meetings, were represented by a lawyer. The IEP meetings resulted in the formulation and adoption of a revised IEP for Plaintiffs' son, which the parties agree complies with the IDEA.

Plaintiffs then brought this action in federal district court, seeking to recover the attorney fees that they had incurred in the Department-ordered IEP meetings attended by their lawyer. After the parties filed cross-motions for summary judgment, the district court adopted the magistrate judge's recommendation and granted Plaintiffs' request for attorney fees. Defendant appeals from the district court's decision, asserting that the IDEA does not allow Plaintiffs to recover their attorney fees for their lawyer's attendance at the IEP meetings.[1] We affirm.

## STANDARD OF REVIEW

We review de novo a district court's grant of summary judgment. *See Burrell v. Star Nursery, Inc.*, 170 F.3d 951, 954 (9th Cir.1999). Summary judgment is appropriate if the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## DISCUSSION

A. *There are two ways to bring an IDEA challenge.*

States that receive IDEA funds must "establish and maintain procedures ... to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of free appropriate public education." 20 U.S.C. § 1415(a). The IDEA itself provides for an "impartial due process hearing" process. 20 U.S.C. § 1415(f)(1).[2]

---

1. Defendant does not claim on appeal that the amount of attorney fees that the district court awarded is unreasonable.

2. Title 20 U.S.C. § 1415(f)(1) provides:
   Whenever a complaint has been received under subsection (b)(6) [involving any matter relating to the identification, evaluation, or educational placement of a child or the provision of a free appropriate public education to a child] or (k) [not applicable here] of this section, the parents involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency.

That process includes the right to counsel, the right to present evidence, and the right to present, confront, and compel the attendance of witnesses. *See* 20 U.S.C. § 1415(h). Additionally, the parent of a disabled child has the right to appeal the final decision of the administrative agency to the district court. *See* 20 U.S.C. § 1415(g) & (i).

An impartial due process hearing, however, is not the only way in which the parents of a disabled child can force their school district to comply with the IDEA. Parents also can file a complaint pursuant to a state's CRP. Unlike the impartial due process hearing that is expressly provided in § 1415 and is detailed in the regulations promulgated pursuant to it, *see* 34 C.F.R. §§ 300.508–.513, the CRP is described only in the regulations, *see* 34 C.F.R. §§ 300.660–.662.[3]

Under the CRP regulations, a State Educational Agency (SEA) must carry out an independent on-site investigation, give the complainant an opportunity to supply additional information about the allegations, determine whether the school district is violating the IDEA and, within 60 days of the filing of the complaint, issue a written decision containing factual findings, conclusions, and the reasons for the final decision. *See* 34 C.F.R. § 300.661. In addition, the SEA's decision must "[i]nclude procedures for effective implementation of the SEA's final decision," including, if needed, "(i) [t]echnical assistance activities; (ii) [n]egotiations; and (iii) [c]orrective actions to achieve compliance." 34 C.F.R. § 300.661(b)(2).

**B.   *The IDEA provides for attorney fees.***

**1.   *Jurisdiction***

■ Title 20 U.S.C. § 1415(i)(3)(B) provides that, "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." We first must consider whether, under that statute, the dis-

trict court can hear an action such as this one. Although we have not expressly so held before today, our prior cases imply that the district court has jurisdiction over a case in which fees are sought although liability is established outside the district court proceeding itself. *See Barlow–Gresham Union High Sch. Dist. No. 2 v. Mitchell,* 940 F.2d 1280, 1285 (9th Cir. 1991) (allowing "the prevailing parents to recover attorneys' fees when settlement is reached prior to the due process hearing"); *McSomebodies v. Burlingame Elementary Sch. Dist.,* 897 F.2d 974 (9th Cir.1989) (awarding the parents of a disabled child attorney fees incurred in an administrative due process hearing under the Handicapped Children's Protection Act).

■ When a parent obtains affirmative relief in a proceeding brought under the IDEA, then the parent is "the prevailing party." 20 U.S.C. § 1415(i)(3)(B); *see also Kletzelman v. Capistrano Unified Sch. Dist.,* 91 F.3d 68, 70 (9th Cir.1996) ("This court has construed section 1415[ (i)(3)(B) ] to justify the award of attorneys' fees to parents who prevailed at an administrative hearing or reached a favorable settlement prior to a scheduled administrative hearing."). If, as we hold below, the CRP is a "proceeding brought under" § 1415, then a court may award fees to a plaintiff parent who obtains affirmative relief in that manner. To hold otherwise would be to render meaningless the statutory wording that the *court* may award fees in "any ... proceeding" brought under § 1415, even if it is not an "action." Moreover, if a plaintiff parent's rights under the IDEA include the right to recover fees expended in a successful CRP, the right would be unenforceable if we were to hold that a district court lacks jurisdiction to enforce it.

**2.   *"Action or Proceeding"***

■ The parties do not dispute that, under § 1415(i)(3)(B), prevailing parents can recover attorney fees that they expended in an impartial due process hear-

---

**3.**   Defendant does not challenge the validity of    the CRP regulations.

ing. Defendant argues, however, that the CRP, unlike the due process hearing, is not an "action or proceeding brought under [§ 1415]." Accordingly, Defendant argues, CRP-related attorney fees cannot be recovered under § 1415(i)(3)(B).

Initially, we note that there is nothing in the text of § 1415 that suggests that attorney fees cannot be awarded for IEP meetings that are ordered by an SEA to resolve a CRP complaint. Section 1415(i)(3)(B) provides that a district court may award attorney fees "[i]n any action or proceeding brought under this section." Had Congress intended that attorney fees be available only in those cases involving an impartial due process hearing under § 1415(f), it could have and would have written the statute more narrowly to say so.

Indeed, in the same subsection of § 1415 that includes the attorney fees provision, Congress exhibited its ability to refer expressly to the impartial due process hearing procedures that are contained in § 1415(f). *See* 20 U.S.C. § 1415(i)(1)(A) ("A decision made in a hearing conducted pursuant to subsection (f) ... of this section shall be final...."); 20 U.S.C. § 1415(i)(2)(A) ("Any party aggrieved by the findings and decision made under subsection (f)...."). If Congress had wanted to provide for the recovery of attorney fees only in those cases in which a due process hearing was conducted, it could have worded § 1415(i)(3)(B) in the same fashion as § 1415(i)(1)(A) and (i)(2)(A). However, Congress chose different and broader wording, a choice that supports our conclusion that Congress did not intend to restrict awards of attorney fees to only those cases in which the parents of a disabled child opt to pursue an impartial due process hearing. *See Russello v. United States,* 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of

the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (citation and internal quotation marks omitted).

As noted above, § 1415(i)(3)(B) provides that a district court may award attorney fees "[i]n *any* action or *proceeding* brought under this section." (Emphasis added.) Congress' use of the word "any" is significant, because it suggests that there is more than one type of "proceeding" in which a district court is authorized to award attorney fees. *See Webster's Third New Int'l Dictionary* 97 (unabridged ed.1993) (defining "any" as "one indifferently out of more than two"). Accordingly, the word "any," as used in § 1415(i)(3)(B), militates in favor of concluding that Congress intended that attorney fees could be awarded in cases involving complaint resolution proceedings other than impartial due process hearings.

Our conclusion that, for purposes of § 1415(i)(3)(B), a CRP is a "proceeding" is consistent with this court's decision in *Mitchell.* In that case, the parents of a disabled child requested an administrative due process hearing to resolve issues regarding their child's educational placement. After the opening arguments were made in the administrative hearing, the hearing was continued at the request of the school district. Before the hearing was set to reconvene, the parties settled. The parents then filed a petition in the district court, seeking attorney fees.[4] The district court granted the parents' petition.

On appeal, the school district argued that attorney fees were not available to the parents, because the case was settled before a due process hearing took place. The court noted that the "clear language of [the attorney fees provision] contemplates an award of attorneys' fees at the administrative level. The provision specif-

---

4. The *Mitchell* opinion does not disclose how the attorney fees were incurred. Therefore, it is impossible to determine how much, if any, of the total fee was incurred on account of administrative procedures or negotiations apart from those related to the impartial due process hearing that was never reconvened.

ically refers to 'any action or proceeding brought.'" *Mitchell,* 940 F.2d at 1284. We held that § 1415(i)(3)(B) "allows the prevailing parents to recover attorneys' fees when settlement is reached prior to the due process hearing." *Id.* at 1285.

Here, Plaintiffs' dispute with Defendant was resolved through Oregon's CRP. As in *Mitchell,* the dispute was resolved without the need of a due process hearing. Under this court's holding in *Mitchell,* the district court was not precluded from awarding attorney fees on the ground that, under § 1415(i)(3)(B), attorney fee awards are available only in connection with due process hearings.

In sum, the text of § 1415(i)(3)(B) suggests that Congress intended that attorney fee awards be available in actions and proceedings under § 1415 as well as in impartial due process hearings. The question before us then becomes whether the CRP is one of those other actions or proceedings for which § 1415(i)(3)(B) provides an award of attorney fees.

### 3. *"Brought under this Section"*

■ As noted, § 1415(i)(3)(B) authorizes a court to award attorney fees in actions or proceedings "brought under this section." As used in that subsection, the word "section" refers to the entire statute. *Cf.* 20 U.S.C. § 1415(i)(2)(A) ("Any party aggrieved by the findings and decision made *under subsection (f) or (k) of this section* ....") (emphasis added). In other words, the phrase, "brought under this section," as used in § 1415(i)(3)(B), means "brought

under § 1415." Accordingly, if the CRP is an action or proceeding that is brought under § 1415, a court may award attorney fees to parents who are prevailing parties.

Section 1415(b)(6)[5] requires states to adopt procedures that provide the parents of disabled children with "the opportunity to pursue complaints with respect" to their children's education. In this regard, states are required to provide parents who file such complaints with "an opportunity for an impartial due process hearing." 20 U.S.C. § 1415(f)(1). As discussed above, such hearings are one way, but not the only way, by which the parents of a disabled child can pursue complaints regarding their child's education. The regulations, the validity of which are not being challenged here, also require states to adopt CRPs which, like due process hearings, are designed to address § 1415(b)(6) complaints. *See* 34 C.F.R. § 300.660–.662.[6] The regulations recognize that the CRP and impartial due process hearings both are designed to address § 1415(b)(6) complaints. For example, the regulations specifically address situations in which the same complaint is the subject of both a CRP and an impartial due process hearing. *See* 34 C.F.R. § 300.661(c).

The CRP and the due process hearing procedure are simply alternative (or even serial) means of addressing a § 1415(b)(6) complaint. The CRP is designed to provide "parents and school districts with mechanisms that allow them to resolve differences without resort to more costly and litigious resolution through due pro-

---

5. Title 20 U.S.C. § 1415(b)(6) provides:

> The procedures required by this section shall include—
> . . . .
> (6) an opportunity to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child[.]

6. Subsection (a)(1) of 34 C.F.R. 300.660 provides: "Each SEA shall adopt written procedures for—(1) Resolving any complaint, including a complaint filed by an organization or individual from another State, that meets the requirements of § 300.662 ...." In turn, 34 C.F.R § 300.662(b) provides: "The complaint must include—(1) A statement that a public agency has violated a requirement of Part B of the Act...." Part B of the Act includes 20 U.S.C. § 1415. *See* Pub.L. No. 105–17, June 4, 1997, Title I, § 101, 111 Stat. 37 (showing that Part B of the Act includes § 615 of the IDEA in its uncodified form); 20 U.S.C. § 1415 (showing that 20 U.S.C. § 1415 is the codification of § 615 of the IDEA as passed by Congress); Pub.L. No. 105–17, June 4, 1997, Title I, § 101, 111 Stat. 88 (same).

cess." Comment to CRP Regs., 64 Fed. Reg. 12646 (1999). Although different, a CRP is no less a proceeding under § 1415 than is a due process hearing. There is nothing in the statute or regulations that tends to show that Congress meant to allow an award of attorney fees to only those parents who choose to invoke one means of resolving a § 1415(b)(6) complaint and not another. Defendant's argument would require us to rewrite the statute to substitute "certain subsections of this section" for "this section" in § 1415(i)(3)(B). That we cannot do. *See Badaracco v. C.I.R.*, 464 U.S. 386, 398, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984) ("Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement.").

Moreover, Defendant's position conflicts with the policy behind the adoption of the CRP—to encourage less costly and less litigious resolution of IDEA complaints. Were we to accept Defendant's argument, the parents of disabled children would be forced to pursue the longer and more expensive due process procedure to recover their attorney fees.

Defendant argues that the CRP is not "brought under this section" because the CRP is provided for only in the regulations and not expressly in § 1415. The regulations concerning the CRP were promulgated pursuant to the Secretary of Education's general authority to "make promulgate, issue, rescind, and amend rules and regulations governing the manner of operation of, and governing the application programs administered by, the Department." 20 U.S.C. § 1221e–3. The CRP is designed to resolve complaints by organizations or individuals that a public agency has violated the IDEA. *See* 34 C.F.R. §§ 300.660, 300.662. The CRP regulations make clear that, in certain circumstances, complaints that can be addressed by resort to a due process hearing under § 1415(f) also can be addressed through the CRP. *See* 34 C.F.R. § 300.661(c). In other words, the CRP encompasses (but may not be limited to) complaints under § 1415. We need not decide whether all CRP complaints are "brought under" § 1415. But, to the extent that a CRP complaint addresses a dispute that is subject to resolution in a § 1415 due process hearing, the CRP is a proceeding "brought under" § 1415.

### 4. *Exception for Certain IEP Meetings*

■ Finally, Defendant argues that, even if a CRP is an "action or proceeding brought under this section" for purposes of § 1415(i)(3)(B), § 1415(i)(3)(D)(ii) precludes an award of attorney fees for a lawyer's attendance at IEP meetings that are ordered by an SEA pursuant to a CRP. Section 1415(i)(3)(D)(ii) provides:

> Attorneys' fees may not be awarded relating to any meeting of the IEP Team *unless such meeting is convened as a result of an administrative proceeding* or judicial action, or, at the discretion of the State, for a mediation described in subsection (e) of this section that is conducted prior to the filing of a complaint under subsection (b)(6) or (k) of this section.

(Emphasis added.); *see also* 34 C.F.R. § 300.513(c)(2)(ii) (same). Under § 1415(i)(3)(D)(ii), Plaintiffs may recover their attorney fees only if the IEP meeting is "convened as a result of an administrative proceeding" under § 1415(i)(3)(D)(ii).[7]

The first criterion, "convened as a result," is met, because the IEP meetings were ordered by the Department pursuant to Oregon's CRP, after Plaintiffs properly initiated a complaint. Defendant's argument centers on the second criterion, namely, whether the CRP is "an administrative proceeding."

We already have concluded that a CRP is a "proceeding" for which attorney fees may be recovered in subsection (B). We

---

**7.** Neither party argues that the IEP meetings at issue here were convened as a result of a judicial action or pursuant to mediation.

need only decide whether this proceeding is "administrative."

Black's Law Dictionary defines "administrative procedure" as "[m]ethods and processes before administrative agencies as distinguished from judicial procedure which applies to courts." *Black's Law Dictionary* 46 (6th ed.1990). Both the CRP and the due process hearing fall within that general definition, and nothing in the IDEA suggests that Congress had in mind a more restrictive definition. In conclusion, § 1415(i)(3)(D)(ii) does not preclude Plaintiffs from recovering their attorney fees for their lawyer's attendance at the IEP meetings that were convened by order of the Department as a result of Oregon's CRP.

AFFIRMED.