786 A.2d 907 (2001)
346 N.J. Super. 79
Wende BAER, Patty Bieth, Colleen Dooley, Dianne Vasquez, New Jersey Protection & Advocacy Inc., Statewide Parent Advocacy Network, Jersey City Special Education Parents Council, and Alliance for the Betterment of Citizens with Disabilities, Appellants,
v.
Leo KLAGHOLZ, Commissioner, Department of Education, and State Board of Education, Respondents.
Superior Court of New Jersey, Appellate Division.
Argued telephonically October 29, 2001.
Decided December 28, 2001.
*909 Rebecca K. Spar, Hackensack and Ruth Deale Lowenkron, New York City, argued the cause for appellants (Cole, Schotz, Meisel, Forman & Leonard, Hackensack and Education Law Center, attorneys; Ms. Spar and Ms. Lowenkron, on the briefs).
Todd J. Schwartz, Deputy Attorney General, argued the cause for respondents (John J. Farmer, Jr., Attorney General, attorney; Mr. Schwartz, on the brief).
Before Judges STERN, COLLESTER and FALL.
*908 The opinion of the court was delivered by STERN, P.J.A.D.
On this motion, appellants seek counsel fees incident to two appeals from final administrative rule making which resulted in the regulations governing the education of children with disabilities. See Baer v. Klagholz, 339 N.J.Super. 168, 181-84, 771 A.2d 603 (App.Div.), certif. denied, 170 N.J. 84, 784 A.2d 717 (2001); N.J.A.C. 6A:14-1.1 to 10.1. See also R. 2:11-4(a); R. 4:42-9(a)(8) (permitting counsel fees "where counsel fees are permitted by statute"). The motion has been fully briefed and was argued telephonically. We conclude that counsel fees are available under the governing statute to a "prevailing party" in a regulatory action such as this case; that the United States Supreme Court's recent decision in Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), applies to preclude counsel fees for the fifteen amendments the State Board made without a court judgment or consent order; and that appellants may recover as the "prevailing party," because they prevailed in their attack upon eight of the sixty regulations they challenged. Baer v. Klagholz, supra, 339, N.J.Super. at 194-96, 227-28, 771 A.2d 603.
Appellants' challenge was premised on the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.A. § 1400 to 1487, see Baer v. Klagholz, supra, at 190, 771 A.2d 603, which provides:
In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party.

[20 U.S.C.A. § 1415(i)(3)(B)].
Although neither party nor the court can find any case directly on point, we conclude that the statute applies to a regulatory challenge as well as an action seeking specific relief under the Act.
There is no dispute parents who bring suit on behalf of their children can be "prevailing parties" eligible to recover attorney's fees. See, e.g., John T. v. Iowa Dep't of Educ., 258 F.3d 860, 863-64 (8th Cir.2001); Lucht v. Molalla River School Dist., 225 F.3d 1023, 1026 (9th Cir.2000); see also 20 U.S.C.A. § 1415(i)(3)(B),(E) (referring to parents as the recipients of the award). We believe that a successful challenge to the regulations can also be a basis for the award of fees since the statute was designed to protect children covered by IDEA and § 1415(i)(3)(B) relates to actions under § 1415. See J.H.R. v. Bd. of Educ. of Tp. of E. Brunswick, 308 N.J.Super. 100, 111, 705 A.2d 766 (App.Div.1998); see also Lucht, supra, 225 F.3d at 1027; Beth V. v. Carroll, 87 F.3d 80, 88 (3d Cir.1996) (decided under earlier version of § 1415). Section 1415(i)(3)(B) authorizes fee awards "[i]n any action or proceeding" brought under § 1415, and appellants' challenge was brought under that section, which requires participating states *910 to "establish and maintain procedures in accordance with [that] section." See 20 U.S.C.A. § 1415(a).
Appellants claim that Buckhannon does not apply because the IDEA promotes settlements, the "catalyst theory" applies, and a contrary ruling would render 20 U.S.C.A. § 1415(I)(3) meaningless. We agree with respondents, however, that Buckhannon applies to this federal statute which gives rise to this application. Accordingly, we make no award for time spent that ultimately resulted in the Board making the fifteen amendments to the regulations without court order or consent judgment.
Buckhannon held "that the `catalyst theory' is not a permissible basis for the award of attorney's fees under the [Fair Housing Amendments Act of 1988 (FHAA)], 42 U.S.C.A. § 3613(c)(2), and [the Americans with Disabilities Act (ADA)], 42 U.S.C.A. § 12205." 532 U.S. at ____, 121 S.Ct. at 1843, 149 L.Ed.2d at 866-67. The Court concluded that counsel fees may be awarded only on the basis of judgments on the merits and settlement agreements enforced through consent decrees. 532 U.S. at ____, 121 S.Ct. at 1840, 149 L.Ed.2d at 862-63; see also J.S. v. Ramapo Cent. Sch. Dist., 165 F.Supp.2d 570, 574-77 (S.D.N.Y.2001) (settlement agreement absent a consent decree could not confer "prevailing party" status warranting the award of fees and expenses under the IDEAapplying Buckhannon retroactively); Jose Luis R. v. Joliet Tp. H.S. Dist. 204, No. 01-C-4798, 2001 WL 1000734, at *1 (N.D.Ill. Aug.29, 2001) (an IDEA case in which the court found "no language in Buckhannon suggesting the opinion is limited to ADA and FHAA cases" as opposed to fee-shifting statutes in general, but concluding counsel fees were appropriate because the mediation agreement was like a settlement agreement enforced through a consent decree). Compare, e.g., Singer v. State, 95 N.J. 487, 492-95, 472 A.2d 138 (1984) (considering 42 U.S.C.A. § 1988), cert. denied, 469 U.S. 832, 105 S.Ct. 121, 83 L.Ed.2d 64 (1984).
We award counsel fees to appellants as the "prevailing party" for the challenge to the eight regulations on which they prevailed before this court. In doing so, we must also consider the time and expenses devoted to both the successful and unsuccessful claims. We do not read Buckhannon as changing the criteria for an award which can be made when the claimant is partially successful. See, e.g., John T., supra, 258 F.3d at 864-67.
In Y.O. v. New Britain Bd. of Educ., 1 F.Supp.2d 133, 138 (D.Conn.1998), the court summarized:
The legal standard for determining "prevailing party" status in an attorney fee action under the IDEA is the same as that governing the award of attorney fees in civil rights litigation pursuant to 42 U.S.C. § 1988. See Angela L. v. Pasadena Indep. School District, 918 F.2d 1188, 1193 (5th Cir.1990) (citing the legislative history of IDEA); Barbara R. v. Tirozzi, 665 F.Supp. 141, 145 (D.Conn.1987). Under this standard, a party may be deemed "prevailing" if the party succeeds on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); accord Heldman v. Sobol, 846 F.Supp. 285, 288 (S.D.N.Y.1994). The Supreme Court has explained that, in making this determination, a court must consider whether the plaintiff (1) obtained relief on a significant claim in litigation, (2) that effected a material alteration in the parties' legal relationship and (3) that is not merely technical or de minimis in nature. Texas Teacher's *911 Assoc. v. Garland Indep. School District, 489 U.S. 782, 791-93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).
See also, e.g., Blakey v. Continental Airlines, Inc., 2 F.Supp.2d 598 (D.N.J.1998), in which the court stated:
In these types of cases where the claims are interrelated, a court should not attempt to identify specific hours spent on related, but unsuccessful claims and exclude them from the lodestar. Johnson v. Orr, 897 F.2d 128, 132 (3d Cir.1990) (Becker, J., concurring). A court should instead focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Hensley, 461 U.S. at 435[, 103 S.Ct. 1933]. A reduced fee is appropriate if the relief, however significant, is limited in comparison to the scope of litigation as a whole. Id. at 440[, 103 S.Ct. 1933]; Rendine [ v. Pantzer], 141 N.J. [292,] 337, 661 A.2d 1202 [(1995)]. "A court must reduce the fee award if `it concludes the benefits of the litigation were not substantial enough to merit the full amount of the lodestar.'" McDonnell v. United States, 870 F.Supp. 576, 587 (D.N.J.1994) (quoting Poston v. Fox, 577 F.Supp. 915, 921 (D.N.J.1984)).
Continental's attempt to automatically exclude every expenditure on which Blakey was ultimately unsuccessful must be rejected. Hours may be reasonably expended on a reasonable strategy that simply does not succeed. "The mere failure of certain motions or the failure to use depositions is insufficient to warrant a fee reduction under Hensley." Blum v. Witco Chem. Corp., 829 F.2d 367, 378 (3d Cir.1987).
[2 F.Supp.2d at 606-07.]
The Blakey court concluded that given limited success, a thirty percent reduction in the lodestar figure was appropriate. Id. at 607.
In Hensley v. Eckerhart, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40, 52 (1983), the United States Supreme Court, in addressing counsel fees under 42 U.S.C.A. § 1988, stated:
Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.
[461 U.S. at 440, 103 S.Ct. at 1943, 76 L.Ed.2d at 54-55.]
See also Rendine v. Pantzer, 141 N.J. 292, 316, 336-37, 661 A.2d 1202 (1995) (permitting enhancement of "the lodestar fee" determined by multiplying the hours "reasonably expended" by the "reasonable hourly rate" "in cases in which the prevailing party's attorney's fee arrangement was predominately contingent on a successful result," or contingent fee, but stating "a trial court should reduce the lodestar fee if the level of success achieved in the litigation is limited as compared to the relief sought"); Public Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1189-1190 (3d Cir.1995) (requiring reduction of "lodestar" for excessive and unnecessary work and then a qualitative evaluation of fee for public interest group including exclusion of "some or all of the time spent on unsuccessful claims").
There is no challenge to the hourly rate or total hours worked by appellants' counsel, *912 or to their stated expenses. Nor is there a contest to the fact that "[t]he lodestar in this case is $339,887.25." Respondents acknowledge that "[a]ppellants were prevailing parties on eight of the sixty, or 13.33% of the regulations they challenged." Further, "[r]espondents submit that, given the difficulty of identifying which time entries relate to which regulations, using the proportion of appellants' success is a reasonable means of adjusting the fee request to exclude time spent on unsuccessful claims." Considering that no counsel fees may be awarded for the fifteen amendments that were made without court order or for the unsuccessful challenges, we award appellants $45,000 in counsel fees, plus the requested $7,137.12 in incurred expenses. As to the latter, see B.K. v. Toms River Bd. of Educ., 998 F.Supp. 462, 476 (D.N.J.1998), permitting recovery of expenses necessary for the entire case, in order to prevail on the issues involving the eight amendments.
We grant counsel fees to plaintiffs in the amount of $45,000 and costs in the amount of $7,137.12.