**MELODEE H. and John H., parents of Kelii H., Plaintiffs,**

v.

**DEPARTMENT OF EDUCATION, State of Hawaii, Defendants.**

**No. CIV.04–00670 DAE–BMK.**

United States District Court, D. Hawai'i.

June 14, 2005.

---

Anne L. Williams, Stanley E. Levin, Davis Levin Livingston Grande, Honolulu, HI, for Melodee H., parents of Kelii H., Jon H., parents of Kelii H., plaintiffs.

Kris S. Murakami, Office of the Attorney General–State of Hawaii, Holly T. Shikada, Melissa A. Rodriguez, Department of the Attorney General, Education Division, Honolulu, HI, for Department of Education, State of Hawaii, defendant.

*ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT; ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT*

EZRA, Chief Judge.

The Court heard Plaintiffs' and Defendants' Motions on May 2, 2005. Stanley E. Levin, Esq., appeared at the hearing on behalf of Plaintiff; Kris S. Murakami, Esq., Melissa A. Rodriguez, Esq., and Mary Anne Magnier, Esq., appeared at the hearing on behalf of Defendants. After reviewing the motions and the supporting and opposing memoranda, the Court GRANTS Defendants' Motion to Dismiss Complaint, and DENIES Plaintiffs' Motion for Summary Judgment.

## BACKGROUND

Plaintiffs' son Kelii is currently eleven years of age and suffers from velocardiofacial syndrome, which causes difficulty in social interactions and manifests itself in a variety of ways, including the failure to express fears and withholding emotions. (Pl. Concise Statement of Facts, Ex. A at ¶ 1.) In May and June of 2003, Kelii became overwhelmingly fearful of school, due to three incidents in which he was left alone while waiting for a school bus. *Id.* at ¶ 32. His mother conveyed his fears to school officials, and a school psychologist found that Kelii needed psychological services to deal with his school anxiety issues. *Id.* at ¶ 10. Plaintiffs decided that, until Kelii received treatment, they would withdraw him from school and teach him in a home-school program that included tutoring and attending Kumon math classes. *Id.* at ¶ 18. Plaintiffs also obtained additional psychological evaluations of their child. *Id.* at ¶ 19.

On January 16, 2004, the Hawaii Department of Education ("DOE") filed a Petition

for Educational Neglect, pursuant to Hawaii Revised Statute § 587–11, against Plaintiffs in Hawaii family court for failure to have Kelii placed in school. Plaintiffs contend that Defendant DOE could have instead filed a request for an impartial hearing to determine whether the DOE had offered a free appropriate public education to Kelii. On March 4, 2004, Plaintiffs filed a motion to dismiss the petition. On June 29, 2004, the family court dismissed Defendant DOE's petition, noting that Defendant had not addressed Kelii's psychological needs with an offer of mental health services or responded to the recommendations of various therapists who recommended mental health services for the child. The court found that Plaintiffs had not caused harm to Kelii, and that the issue of whether or not Kelii was being provided with free appropriate public education would be decided by an administrative hearings officer after a hearing. Defendants note that, at the family court hearing on the Plaintiffs's motion to dismiss Defendant DOE's petition, Plaintiffs did not make any request for attorneys fees in conjunction with the family court proceedings.

In the interim, Plaintiffs also filed a Request for an Impartial Hearing, which was received by Defendant DOE on April 6, 2004. In a written decision issued on September 3, 2004, the administrative hearings officer found that Defendants had not provided Plaintiffs with an offer of free appropriate public education for Kelii, because Kelii was not given timely mental health evaluations and other assessments. The officer also found that Defendants' failure to consider an alternative school placement for Kelii, despite Plaintiffs assertion that Kelii was afraid of the school he was placed in, constituted a denial of free appropriate public education. The officer ordered that Defendants reimburse Plaintiffs for the following: "the cost of Kumon tutoring for the 2003–2004 school year, the cost of home placement of the 2003–2004 school year (including the cost of Tutor's services), and for the cost of Psychologist M.K. and B.B's evaluations and reports." The officer also stated that he deemed Plaintiffs to be the prevailing parties in that case—as designation entitling Plaintiffs to attorneys fees pursuant to 42 U.S.C. § 1415.

The parties stipulated to dismiss Defendants' appeal of the administrative hearings officer's decision, and Defendants agreed to reimburse Plaintiffs for all costs incurred in connection to the appeal. Defendants assert that Plaintiffs' counsel was paid fees totaling $30,843.14. Plaintiffs assert that they were not paid attorneys fees covering the expenses they incurred while litigating the Petition for Educational Neglect, and that they are entitled to such costs under the award of attorneys fees as well.

Plaintiffs filed suit in this Court on November 12, 2004. On March 4, 2005, Plaintiffs filed a Motion for Summary Judgment, along with the accompanying concise statement of material facts. On March 7, Defendants filed a Motion to Dismiss Plaintiffs' complaint. The motions were heard on May 2. At the request of Plaintiffs' counsel, after the hearing, the Court sought supplemental briefing from the parties on the issue of jurisdiction. Plaintiffs and Defendants both filed their supplemental briefs on May 9, 2005.

## STANDARD OF REVIEW

### A. Standard of Review for Motion to Dismiss

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 558 (9th Cir.1995) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Dismissal for failure to state a claim is a ruling on a question of law. *Parks Sch. of Bus., Inc., v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754 (9th Cir.1994), including any attached exhibits, *Symington,* 51 F.3d at 1484. To the extent, however, that "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed.R.Civ.P. 12(b); *Del Monte Dunes at Monterey, Ltd. v. City of Monterey,* 920 F.2d 1496, 1507 (9th Cir.1990).

Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Id.* From the facts alleged, the court must draw all reasonable inferences in favor of the nonmoving party. *Usher,* 828 F.2d at 561. "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir.1988). A court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg,* 18 F.3d at 754–55.

### B. *Standard of Review for Motion for Summary Judgment*

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be entered when:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). The moving party has the initial burden of demonstrating for the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). However, the moving party need not produce evidence negating the existence of an element for which the opposing party will bear the burden of proof at trial. *Id.* at 323, 106 S.Ct. 2548.

Once the movant has met its burden, the opposing party has the affirmative burden of coming forward with specific facts evidencing a need for trial. Fed.R.Civ.P. 56(e). The opposing party cannot stand on its pleadings, nor simply assert that it will be able to discredit the movant's evidence at trial. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987); Fed.R.Civ.P. 56(e). There is no genuine issue of fact "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

A material fact is one that may affect the decision, so that the finding of that fact is relevant and necessary to the proceedings. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue is shown to exist if sufficient evidence is presented such that a reasonable fact finder could decide the question in favor of the nonmoving party. *Id.* The evidence submitted by the nonmovant, in opposition to

a motion for summary judgment, "is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* at 255, 106 S.Ct. 2505. In ruling on a motion for summary judgment, the court must bear in mind the actual quantum and quality of proof necessary to support liability under the applicable law. *Id.* at 254, 106 S.Ct. 2505. The court must assess the adequacy of the nonmovant's response and must determine whether the showing the nonmovant asserts it will make at trial would be sufficient to carry its burden of proof. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

At the summary judgment stage, this court may not make credibility determinations or weigh conflicting evidence. *Musick v. Burke,* 913 F.2d 1390, 1394 (9th Cir.1990). The standard for determining a motion for summary judgment is the same standard used to determine a motion for directed verdict: whether the evidence presents a sufficient disagreement to require submission to a jury, or it is so one-sided that one party must prevail as a matter of law. *Id.* (citation omitted).

## DISCUSSION

### I. *The Court GRANTS Defendant's Motion to Dismiss.*

Plaintiffs' complaint states that federal court jurisdiction over this dispute may be premised on 28 U.S.C. §§ 1331, 1343, and 1337. Defendants' Motion to Dismiss asserts that jurisdiction is not proper under either of these statutory provisions. Section 1331 provides the federal courts with jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States; section 1343 provides jurisdiction over suits for civil rights violations; section 1337 provides jurisdiction over suits involving federal regulations of commerce and federal antitrust law. As the Court finds no plausible argument for a finding of jurisdiction under section 1337, the Court dismisses this contention without further discussion. Moreover, as will be explained below, the Court finds that, because the attorneys fees were not generated in a proceeding that is properly covered by the grant of jurisdiction contained in 20 U.S.C. § 1415, neither section 1331 nor section 1343 would provide a basis for federal jurisdiction.

The federal courts are courts of limited jurisdiction, and as such, they cannot engage in review of matters that are beyond the boundaries of their powers as established by the U.S. Constitution and Congress. "It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *A–Z Intern. v. Phillips,* 323 F.3d 1141, 1145 (9th Cir.2003) (citing *United States v. Bravo–Diaz,* 312 F.3d 995, 997 (9th Cir.2002)). The courts are not free to liberally construe a grant of jurisdiction. "As courts of limited jurisdiction, our power to adjudicate claims is limited to that granted by Congress, and such grants are not to be lightly inferred." *United States v. Sumner,* 226 F.3d 1005, 1009 (9th Cir. 2000) (citing *Al Nieto v. Ecker,* 845 F.2d 868, 871 (9th Cir.1988)). Indeed, "[a] federal court is *presumed* to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A–Z Intern.,* 323 F.3d at 1145 (9th Cir.2003) (emphasis added) (quoting *Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir. 1989)).

Plaintiffs argue that this Court has jurisdiction to hear their claim for attorneys fees under 20 U.S.C. § 1415(i)(3)(B). In 1975, Congress passed what is now known as the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., in response to a finding that more than half of the nation's eight million children with disabilities were not receiving appropriate educational services. *Porter*

*v. Board of Trustees of Manhattan Beach,* 307 F.3d 1064, 1066 (9th Cir.2002). Pursuant to the act, known then as the Education of All Handicapped Children Act ("EHA"), Congress appropriated federal funds for state special education programs and made them available on the condition that states implement policies assuring for all children with disabilities a "free appropriate public education," or "FAPE." *Id.*; 20 U.S.C. § 1412(a) (establishing right to a free appropriate public education). The law "confers upon disabled students an enforceable substantive right to public education in participating States, and conditions federal financial assistance upon a State's compliance with the substantive and procedural goals of the Act." *Id.* (citing *Honig v. Doe,* 484 U.S. 305, 310, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988)). Participating states are required to establish procedures giving parents "an opportunity to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." *Id.*; 20 U.S.C. § 1415(b)(6). After receiving such a complaint, the state is required to conduct "an impartial due process hearing." *Id.*; 20 U.S.C. § 1415(f). "Any party aggrieved by the findings and decision [of that hearing] ... shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States." *Id.*; 20 U.S.C. § 1415(i)(2)(A). The act also specifically provides for jurisdiction "in any action or proceeding brought under this section," without regard to the amount in controversy, allowing "the court, in its discretion, [to] award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B).

■ The provision of section 1415 granting federal jurisdiction over actions to recover attorneys fees expressly limits itself to fees generated by actions or proceedings "brought under this section." 20 U.S.C. § 1415(i)(3)(B). The Ninth Circuit, when faced with analogous claims, has construed this phrase more generously than some sister circuits. *See, e.g., Vultaggio ex rel. Vultaggio v. Board of Education,* 343 F.3d 598 (2nd Cir.2003). In *Lucht v. Molalla River School District,* the Ninth Circuit reviewed claims by the parents of a disabled child that they were entitled under section 1415 to reimbursement for attorneys fees expended during IEP meetings that were ordered by the state Department of Education when the parents prevailed through a complaint resolution procedure ("CRP"). 225 F.3d 1023, 1025 (9th Cir.2000). A CRP is a proceeding that, unlike the administrative hearing explicitly described in section 1415(f)(1), is detailed only in the federal regulations promulgated pursuant to section 1415. *Lucht,* 225 F.3d at 1026 (citing 34 C.F.R. §§ 300.508–.513, 300.660–.662.). The CRP and the administrative hearing constitute the two ways in which an IDEA challenge may be brought. *Id.* The question before the court was whether the CRP constituted an "action or proceeding" that was "brought under this section" for purposes of section 1415(i)(3)(B).

The court found that the phrase "action or proceeding" as it is used in the statute necessarily refers to more than the administrative hearing expressly described in section 1415. *Lucht,* 225 F.3d at 1027. "Had Congress intended that attorney fees be available only in those cases involving an impartial due process hearing under § 1415(f), it could have and would have written the statute more narrowly to say so." *Id.* The court construed the phrase "brought under this section" to mean "brought under section 1415." *Lucht,* 225

F.3d at 1028. The court found that the regulations that describe in depth the CRP procedure were promulgated to explain what is required by the reference to a complaint in section 1415(b)(6), which requires states to adopt procedures that provide the parents of disabled children with "the opportunity to pursue complaints with respect" to their children's education. *Id.* Thus, the court found that section 1415(i)(3)(B) allows the award of attorneys fees generated during the pursuit of both of the two methods of vindicating rights under section 1415. As the CRP and the administrative hearing procedure are simply alternative or serial means of addressing a section 1415(b)(6) complaint, to the extent that a CRP complaint addresses a dispute that is subject to resolution in a § 1415 due process hearing, the court found that the CRP is a proceeding "brought under" section 1415. *Lucht,* 225 F.3d at 1028–1029.

While the court left open the possibility that fees generated from such proceedings as IEP meetings that are expressly ordered pursuant to 1415 might be covered by section 1415(i)(3)(B), this Court finds no support in the Ninth Circuit's analysis for the proposition that proceedings established by state statutory law unrelated to section 1415 and not referenced in the administrative hearing order somehow constitute an "action or proceeding" that was "brought under this section" for purposes of section 1415(i)(3)(B). *See Lucht,* 225 F.3d at 1026. Plaintiffs are seeking reimbursement of the legal fees they expended during proceedings initiated pursuant to the Hawaii Child Protective Act, Hawaii Revised Statutes § 587–1 et seq., prior to the initiation of any IDEA proceedings. The Court simply cannot hold that such a proceeding was "brought under" section 1415.

Plaintiffs also argue that they should be entitled to pursue an action in federal court to recover the attorneys fees under the theory that they are included in award of costs granted by the administrative hearing order. The Ninth Circuit has held that the federal courts do have jurisdiction over claims seeking to enforce unappealed decisions reached at administrative hearings under the IDEA. *Porter v. Board of Trustees of Manhattan Beach Unified School Dist.,* 307 F.3d 1064 (9th Cir.2002). In the instant case, the order provides:

> Respondent shall reimburse Petitioners for the cost of Kumon tutoring for the 2003–2004 school year, the cost of home placement for the 2003–2004 school year (including the cost of tutor's services), and for the cost of Psychologist M.K. and B.B.'s evaluations and reports.

(Pl. Concise Statement of Facts, Ex. A at 12.) Plaintiffs assert that the family court found that the petition "actually arose under the Individuals with Disabilities Education Act," proving the family court did not have jurisdiction, and that therefore the cost of litigating the petition should be included in the award of costs. First, the Court finds that this characterization of the family court decision is not entirely accurate. The family court held that, "absent any showing of emergency under H.R.S. Sections 571 and/or 587," exhaustion of administrative remedies was required. (Pl. Concise Statement of Facts, Ex. H at 6.) Because, after an analysis of the facts, the family court found that no harm to Kelii would occur while the family pursued the administrative hearing, the court dismissed the petition. *Id.* Plaintiffs have cited no authority to this Court that would support the proposition that, when a petition or complaint is dismissed for failure to exhaust administrative remedies, attorneys fees for that proceeding should be awarded not by the court that presided over the dismissal, but by the court that will ultimately have jurisdiction over any order to arise from the administrative

hearing. Moreover, these assertions do not advance the argument that the phrase "cost of home placement" should be read to include the attorneys fees expended in the Child Protective Act proceeding.

The Court finds that an analogy to the basic principles of statutory interpretation is useful here. Pursuant to the doctrine of *noscitur a sociis,* "a word is known by the company it keeps," meaning that "words are to be judged by their context and that words in a series are to be understood by neighboring words in the series." *United States v. King,* 244 F.3d 736, 740–741 (9th Cir.2001). Indeed, "[i]t is well established that 'words grouped in a list should be given related meaning.'" *Hughes Salaried Retirees Action Committee v. Administrator of the Hughes Non–Bargaining Retirement Plan,* 72 F.3d 686, 689 (9th Cir.1995) (citing *Massachusetts v. Morash,* 490 U.S. 107, 114–15, 109 S.Ct. 1668, 104 L.Ed.2d 98 (1989)). The administrative hearing order lists the expenses that its award to Plaintiffs covers, and this list calls specifically for the cost of psychological evaluations, twice specifies tutoring, and also grants the "cost of home placement." The Court finds that, construing the general phrase "cost of home placement" in accordance with the specific enumerations in the award, the costs of attorneys fees are simply too far removed from the costs discussed in the order to be considered implied in the court's phrasing. Rather, the Court finds that if the administrative hearings officer had considered the cost of attorneys fees to be part of the cost of home placement and intended to include it in his award, it is more likely that he would have expressly enumerated it.

Thus, the Court finds that the State of Hawaii Family Court of the First Circuit, being the court that presided over the relevant proceedings, properly has jurisdiction over the matter of attorneys fees in relation to the educational neglect petition.

The Court remains convinced that this holding is correct under the law after reviewing the supplemental briefing submitted by the parties.

II. *The Court DENIES Plaintiffs' Motion for Summary Judgment, because the Court's dismissal of their complaint for lack of subject matter jurisdiction has rendered the motion moot.*

Because the Court has DISMISSED Plaintiffs' complaint for lack of subject matter jurisdiction, the Court DENIES Plaintiffs' Motion for Summary Judgment as moot.

### CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss Complaint, and DENIES Plaintiffs' Motion for Summary Judgment. The complaint is dismissed without prejudice to Plaintiffs' rights, if any, to seek attorneys' fees in state court.

IT IS SO ORDERED.