343 F.3d 598
 Robert VULTAGGIO, by his parents and natural guardians, Amy VULTAGGIO, and Robert Vultaggio, Individually and Robert Vultaggio, Individually, Plaintiffs-Appellants,
v.
BOARD OF EDUCATION, Smithtown Central School District, Stuart Grossman, as Director of Special Education and Individually and Brenda Clark, as Chair of the Committee on Special Education and Individually, Defendants-Appellees.
 Docket No. 02-9110.
 United States Court of Appeals, Second Circuit.
 Argued: August 4, 2003.
 Decided: September 15, 2003.
 
 Lewis M. Wasserman, Wasserman Steen LLP, Patchogue, NY, for Plaintiffs-Appellants.
 Peter G. Albert, Law Offices of Peter G. Albert, Commack, NY, for Defendants-Appellees.
 Before: JACOBS and SOTOMAYOR, Circuit Judges.*
 PER CURIAM.
 
 
 1
 Plaintiff Robert Vultaggio ("Robert"), a high school student enrolled in the defendant Smithtown Central School District (the "District"), is entitled to benefits under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1490. Robert and his parents appeal from so much of a final order entered in the United States District Court for the Eastern District of New York (Wexler, J.) as dismissed their claim for attorneys' fees under IDEA on the ground that the New York State Complaint Review Procedures ("CRP") used by the plaintiffs to press their entitlement is not an "action or proceeding" within the meaning of IDEA's attorneys' fees provision. We affirm.
 
 
 2
 * IDEA affords children with disabilities "a free appropriate public education that emphasizes special education and related services designed to meet their unique needs." Id. § 1400(d)(1)(A). One such benefit is the development of an Individualized Education Plan ("IEP"), which is a written statement — reviewed at least annually, and revised if necessary — that includes a statement of the student's current performance, measurable annual goals, the services to be provided, and criteria for measuring progress. Id. § 1414(d)(1)(A),(d)(4). The District's Committee on Special Education ("CSE") is charged with the development and over-sight of Robert's IEP. See id. § 1414(d)(1)(B),(d)(2)(A); N.Y. Educ. Law § 4402(1)(b)(1).
 
 
 3
 The Vultaggios were dissatisfied with the IEP developed for the 2001-2002 academic year, chiefly because Robert was not placed in a desired arts program despite an earlier IEP stating that he would be placed in the desired program. They retained counsel and filed a complaint in August 2001 with the New York State Education Department ("SED") pursuant to the CRP. The SED investigated and determined that the IEP violated several provisions of IDEA. The SED's October 17, 2001 decision ordered the District to remedy the deficiencies and develop a new IEP within two months.
 
 
 4
 The Vultaggios demanded payment from the District under the attorneys' fees provision of IDEA on the grounds that they were prevailing parties in the CRP; but the District refused payment. The CSE did not deliver the new IEP to the Vultaggios until February 8, 2002, well after the deadline set by the SED.
 
 
 5
 The Vultaggios commenced this action — against the District; Stuart Grossman, the District's Director of Special Education; and Brenda Clark, the Chair of the District's CSE — seeking substantive relief under IDEA (and other statutes) as well as their attorneys' fees as the putative prevailing party in the CRP. The district court dismissed the complaint pursuant to Rule 12(b)(6). The Vultaggios' substantive claims were dismissed for failure to exhaust administrative remedies, Vultaggio ex rel. Vultaggio v. Bd. of Educ., 216 F. Supp.2d 96, 106-07 (E.D.N.Y.2002), a ruling that is not challenged on appeal. The Vultaggios' claim for attorneys' fees was dismissed on the ground that such fees may be collected only by a party prevailing in an "action or proceeding" under IDEA's fee provision, and that a CRP is not such an action or proceeding. See Vultaggio, 216 F. Supp.2d at 103-05.
 
 II
 
 6
 Section 1415 of IDEA provides: "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B) (emphasis added). The sole question on appeal is whether a CRP is an "action or proceeding brought under" § 1415.
 
 
 7
 Two administrative mechanisms are available to parents and children to enforce the guarantees of IDEA: the impartial due process hearing, and the CRP.
 
 A. The Impartial Due Process Hearing
 
 8
 The impartial due process hearing is specifically provided in the text of § 1415(f)(1). Such a hearing is commenced with the presentation of a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," id. § 1415(b)(6), and is "conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency," id. § 1415(f). If the hearing is conducted by a local agency, "any party aggrieved by the findings and decision rendered in such a hearing may appeal such findings and decision to the State educational agency." Id. § 1415(g). After the appeal, or if the State educational agency is the initial arbiter of the complaint, an aggrieved party may file a civil action in state or federal court. Id. § 1415(i)(2).
 
 
 9
 Among the procedural rights in an impartial due process hearing conducted under § 1415 are the rights to present evidence, to confront and compel the attendance of witnesses, to be provided a written or electronic record of the hearing, to appeal, and to be present with counsel. See id. § 1415(g),(h),(i)(2).
 
 
 10
 More specific procedures and additional rights for the impartial due process hearing are found in the implementing regulations. See 34 C.F.R. §§ 300.500-300.517. These regulations are authorized by 20 U.S.C. § 1415,[1] the section that contains the attorneys' fees provision. The regulations expressly provide for the recovery of attorneys' fees. See 34 C.F.R. § 300.513
 
 B. The CRP
 
 11
 Aggrieved parents and children who wish to avoid or postpone an impartial due process hearing have the option of starting a CRP. The CRP is mentioned nowhere in the text of IDEA. It is a creature of the regulations that require a State Educational Agency ("SEA") to adopt written procedures for resolving a complaint alleging that a public agency has violated either IDEA or the CRP regulations. See id. §§ 300.660-300.662. The regulations creating the CRP are promulgated pursuant to 20 U.S.C. § 1221-e, the general delegation of rulemaking authority to the Secretary of Education — not pursuant to IDEA itself.
 
 
 12
 The CRP regulations require the SEA (within 60 days, absent exceptional circumstances) to make an independent on-site investigation (if necessary), to give the complainant the opportunity to submit additional facts, to determine independently whether the public agency is in compliance, and to issue a written decision with factual findings and an explanation for its conclusion. See 34 C.F.R. § 300.661(a). The SEA must also set out procedures for effectively implementing its decisions. Id. § 300.661(b)(2).
 
 
 13
 The CRP process is relatively informal: an SEA is not required to provide the detailed procedural safeguards mandated under IDEA for impartial due process hearings. And there is no avenue of appeal from an unfavorable SEA decision (though an impartial due process hearing remains an option: the Vultaggios commenced an impartial due process hearing during the pendency of the case. See Vultaggio, 216 F. Supp.2d at 107).
 
 
 14
 The CRP is an optional step toward binding relief. Once a due process hearing is convened on issues that were made the subject of a CRP, the SEA may no longer act on those issues, and the decision reached in the due process hearing is binding. See 34 C.F.R. § 300.661(c). By regulation, a public agency (as well as a parent or child) may initiate a due process hearing. See 34 C.F.R. § 300.507(a). The impartial due process hearing and an appeal from the resulting decision are prerequisites for a civil action. See 20 U.S.C. § 1415(i)(2).
 
 
 15
 The CRP regulations do not mention attorneys' fees.
 
 III
 
 16
 Our review of the district court's decision is de novo. See Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir.1998). The parties agree that attorneys' fees are available under 20 U.S.C. § 1415(i)(3)(B) to parents who prevail in an impartial due process hearing, because that proceeding is incontestably an "action or proceeding brought under [§ 1415]." The Vultaggios contend, however, that the CRP is also a qualifying "proceeding." They rely principally on the Ninth Circuit decision in Lucht v. Molalla River School District, 225 F.3d 1023 (9th Cir.2000), which is the only circuit court decision that considers this issue. We disagree with Lucht and concur with Judge Wexler's conclusion that a CRP is not a "proceeding" within the meaning of § 1415(i)(3)(B). We therefore need not decide whether the Vultaggios' were in fact the prevailing parties in the CRP.
 
 
 17
 "In the United States, parties are ordinarily required to bear their own attorney's fees ... absent explicit statutory authority" to seek such fees from the losing party. Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (internal quotation marks and citations omitted). We therefore look first to the relevant text of IDEA, which, in our view, is decisive.
 
 
 18
 Section 1415(i)(3)(B) authorizes an award of attorneys' fees in "any action or proceeding brought under this section." 20 U.S.C. § 1415(i)(3)(B). The phrase "brought under this section" refers to actions and proceedings "brought under § 1415." See Lucht, 225 F.3d at 1028. A "proceeding brought under" § 1415 is a proceeding established by or referenced in § 1415. See Megan C. v. Indep. Sch. Dist. No. 625, 57 F. Supp.2d 776, 783 (D.Minn.1999).[2] We need not decide whether it would be enough if the CRP regulations were promulgated pursuant to § 1415; they were not. A CRP may be a proceeding, but it is not one that is "brought" under § 1415, which neither mentions nor authorizes a CRP.
 
 
 19
 A proceeding is commenced under § 1415 by submitting a complaint pursuant to either § 1415(b)(6) or § 1415(k). Section 1415(b)(6) gives parents of a child with a disability the "opportunity to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6). Section 1415(k), which is not otherwise relevant to this case, deals with issues regarding the placement of a child in an "alternative educational setting." Id. § 1415(k). Receipt by the public agency of a complaint under either § 1415(b)(6) or § 1415(k) triggers the availability of an impartial due process hearing and the attendant procedural safeguards attach. See id. § 1415(f),(h); 34 C.F.R. §§ 300.500-300.517. Thus the impartial due process hearing is a proceeding "brought under" § 1415. See Lucht, 225 F.3d at 1028.
 
 
 20
 In Lucht, the Ninth Circuit's conclusion that the CRP is a second proceeding covered under § 1415(i)(3)(B) followed from its premise that the phrase "any action or proceeding" must signify "that there is more than one type of `proceeding' in which a district court is authorized to award attorney fees." 225 F.3d at 1027 (alteration in original). Even assuming that the phrase necessarily signifies that there is more than one proceeding in which attorneys' fees may be awarded, there are some proceedings set forth or expressly referenced in § 1415 other than the impartial due process hearing, such as: the appeal to the SEA of any decision rendered by a local agency in an impartial due process hearing, see § 1415(g), and the mediation procedure available to resolve § 1415(b)(6) complaints, "which, at a minimum, shall be available whenever a hearing is requested under subsection (f) or (k) of this section," § 1415(e).
 
 
 21
 The Lucht court was also persuaded by the fact that a CRP and an impartial due process hearing deal with the same subject matter. 225 F.3d at 1028-29 ("The CRP and the due process hearing procedure are simply alternative (or even serial) means of addressing a § 1415(b)(6) complaint."). Even if the subject matter were identical,[3] the inference drawn by the Ninth Circuit (that a CRP is a proceeding brought under § 1415 for the purpose of an award of attorneys' fees) would be invalid because attorneys' fees are only permitted when the statutory text is "explicit." See Buckhannon, 532 U.S. at 602, 121 S.Ct. 1835.
 
 
 22
 The Department of Education has not adopted a position on whether fee awards are available in the Department-created CRP, but circumstances suggest that the Department's view is that they are not. First, the implementing regulations for the impartial due process hearing contain provisions concerning attorneys' fees, see 34 C.F.R. § 300.513, whereas the regulations creating the CRP do not. Second, the due process regulations explicitly reference § 1415 as the authority under which the regulations were promulgated, whereas the CRP regulations reference the general rulemaking statute, 20 U.S.C. § 1221e-3; a distinction suggesting that the Department views the CRP as something other than a § 1415 proceeding. Third, the implementing regulations of IDEA (consistent with the statutory text) guarantee parents the right to have counsel present at an impartial due process hearing, see 20 U.S.C. § 1415(h)(1); 34 C.F.R. § 300.509(a)(1), whereas no such right is conferred in a CRP.
 
 
 23
 Finally, the Department's description of the CRP as an informal, less costly process bears on this analysis. The CRP provides "parents and school districts with mechanisms that allow them to resolve differences without resort to more costly and litigious resolution through due process." Assistance to States for the Education of Children with Disabilities, 64 Fed.Reg. 12,406, 12,646 (Mar. 12, 1999) (comment); see also OSEP Memorandum at 2 ("[The CRP has] the potential for providing a less costly and more efficient mechanism for resolving disputes than the impartial due process hearing system."). Nothing irretrievable is at stake for either side in a CRP because parents or the public agency can commence an impartial due process hearing that would trump the CRP. Such a streamlined, informal process would not seem to require or benefit from the participation of lawyers.
 
 
 24
 The plain meaning of § 1415(i)(3)(B), and the regulations implementing both the impartial due process hearing and the CRP, convince us that the CRP is not a "proceeding brought under" § 1415.[4] We therefore have no need to consider the arguments advanced by both parties that public policy considerations favor their respective positions.
 
 
 25
 * * *
 
 
 26
 The judgment is affirmed.
 
 
 
 Notes:
 
 
 *
 The Honorable Fred I. Parker, who was a member of the panel, died following argument, and the appeal is being decided by the remaining two members of the panel, who are in agreementSee 2d Cir. R. § 0.14(b).
 
 
 [1]
 A regulation typically references at least one section of the United States Code as the authority under which that regulation was promulgated. In this opinion, we credit the cited authority for each regulation, as no argument is made to the contrary
 
 
 [2]
 Megan C. thoroughly addressed the issue before us and likewise concluded that a CRP is not a proceeding brought under § 1415. 57 F. Supp.2d at 783. The opinion decides that attorneys' fees are available under IDEA only for those proceedings that are prerequisite to a lawsuit. Id. at 787-90. Since the CRP is not such a mandatory step, id. at 789-90; see also Porter v. Bd. of Trustees, 307 F.3d 1064, 1070-71 (9th Cir.2002), the court held that a CRP prevailing party is not eligible for attorneys' fees, Megan C., 57 F. Supp.2d at 790. Although this reasoning is persuasive, our decision relies entirely on the text of § 1415(i)(3)(B), and the implementing regulations.
 
 
 [3]
 They are not quite identical. The CRP regulations permitany "organization or individual" to file a CRP complaint, see 34 C.F.R. § 300.662(a); Office of Special Education and Rehabilitative Services, United States Dep't of Educ., Memorandum 00-20, at 5 (July 17, 2000)[hereinafter "OSEP Memorandum"], while only a parent, a student above the age of majority, or the public agency may initiate a due process hearing, see 34 C.F.R. §§ 300.507(a), 300.517; OSEP Memorandum at 5. Also, the CRP complaint may only allege violations that occurred within the previous year, or are continuing, see 34 C.F.R. § 300.662(c); no such limitation appears in the sections of IDEA describing the due process hearings, or in the implementing regulations.
 
 
 [4]
 A district court in this Circuit concluded that the CRP is a "proceeding brought under" § 1415,see Upper Valley Ass'n for Handicapped Citizens v. Blue Mountain Union Sch. Dist. No. 21, 973 F. Supp. 429 (D.Vt.1997), but the court grounded its decision on statutory language that has since been excised. Section 1415(b), which enumerates certain procedures to enforce the rights of children under IDEA, no longer provides that the "procedures required by this section shall include, but not be limited to" those listed. Id. at 435 (quoting then-extant § 1415(b), amended by Individuals With Disabilities Education Act Amendments of 1997, Pub.L. 105-17, 111 Stat. 37, 88). The court read this language expansively to embrace the CRP as an additional procedural protection within the ambit of § 1415(b).