# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 9, 2011

No. 10-20285

Lyle W. Cayce
Clerk

ALIEF INDEPENDENT SCHOOL DISTRICT, and their Respective
Employees and Members of the Board of Trustees,

Plaintiff - Appellant

v.

C.C., by next friend Kenneth & Nneka C.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and DENNIS and CLEMENT, Circuit Judges.

DENNIS, Circuit Judge:

The issue presented by this appeal is whether a school district, after being declared in compliance with the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1490, in respect to a disabled child's entitlements, by an administrative hearing officer, may bring a civil action in court for attorneys' fees as a prevailing party against the child's parents on the grounds that their IDEA administrative complaint was brought for an "improper purpose, such as to harass, to cause unnecessary delay, or to

No. 10-20285

needlessly increase the cost of litigation," *id.* § 1415(i)(3)(B)(i)(III), although the parents had voluntarily dismissed their administrative complaint without prejudice.[1] The district court dismissed the school district's suit as failing to state a claim upon which relief can be granted, because it held that the administrative proceeding used by the school district to seek a declaratory ruling from the hearing officer was not an "action or proceeding brought under [20 U.S.C. § 1415]" as required by the IDEA's provision governing awards of attorneys' fees, *id.* § 1415(i)(3)(B)(i). We reverse and remand to the district court. Under the plain meaning of the IDEA and its implementing regulations, the administrative proceeding through which the school district sought a declaratory ruling was a proceeding under § 1415. Moreover, the school district was a prevailing party in that proceeding because the declaratory ruling favorably altered the school district's legal relationship with the parents. For these reasons, we reverse the district court's judgment dismissing the school district's civil action and remand the case for determination of whether the parents' administrative complaint "was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation," *id.* § 1415(i)(3)(B)(i)(III); and if so, whether the district court should, within its discretion, award attorneys' fees to the school district.

---

[1] The provision of the IDEA under which the school district seeks attorneys' fees states that a court has discretion to award such fees "to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." 20 U.S.C. § 1415(i)(3)(B)(i)(iii). The school district's contention is that the parents in this case brought their administrative complaint for an improper purpose.

No. 10-20285

## I.

The IDEA is a Spending Clause statute that seeks to ensure that "all children with disabilities have available to them a free appropriate public education." *Id.* § 1400(d)(1)(A). Under the IDEA, school districts must create an "individualized education program" (IEP) for each disabled child. *Id.* § 1414(d). If parents believe their child's IEP is inappropriate, they may request an administrative "impartial due process hearing." *Id.* § 1415(f). School districts may also seek impartial due process hearings, as Congress clarified in the 2004 amendments to the statute. *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 53 (2005) (citing S. Rep. No. 108-185, at 37 (2003)). "They may do so, for example, if they wish to change an existing IEP but the parents do not consent, or if parents refuse to allow their child to be evaluated." *Id.* In Texas, IEP impartial due process hearings are conducted by the Texas Education Agency (TEA). 19 Tex. Admin. Code § 89.1151(b).

Kenneth and Nneka C. are the parents of C.C., a child with a disability. The Alief Independent School District (AISD) is the district in which, at all relevant times, the family resided and C.C. attended school. On February 5, 2007, AISD filed a request for an administrative due process hearing with the TEA, seeking to override C.C.'s parents' refusal to allow AISD to re-evaluate C.C. The parents did not respond or participate in the proceeding. An administrative hearing officer issued a decision on April 5, 2007, authorizing AISD to re-evaluate C.C. without his parents' consent. After the re-evaluation was performed, on May 16 and 22, 2007, AISD convened meetings of a committee consisting of school administrators, teachers, and C.C.'s

3

No. 10-20285

parents, for the purpose of revising C.C.'s IEP.[2]  C.C.'s parents were accompanied at the meetings by Jimmy Kilpatrick, a special education advocate.  According to AISD, the parents and Kilpatrick behaved in a harassing and intimidating manner at the meetings.  AISD notified the parents that despite their disagreement, it would implement the new IEP that school personnel believed was appropriate.

On May 29, 2007, C.C.'s parents, with the assistance of Kilpatrick (but without an attorney), filed an administrative complaint and requested a due process hearing.  The complaint alleged, inter alia, that AISD had failed to evaluate C.C. in all required areas of suspected disability; that the new IEP did not address all of C.C.'s educational needs; that AISD had failed to provide C.C.'s parents with written notices and copies of records as required by law; and that C.C. should be provided certain additional services.[3]

On August 17, 2007, AISD filed an administrative complaint against C.C.'s parents.  In that complaint, AISD sought a declaratory ruling by the TEA hearing officer that it had appropriately evaluated C.C. and provided for his educational needs, and that it had therefore fulfilled the requirements of the IDEA by providing C.C. with a free appropriate public education.  AISD also requested a declaratory ruling that C.C.'s parents had brought their

---

[2]  Under the IDEA, a child's parents, along with school administrators and teachers, are part of the "IEP Team" responsible for developing and revising the child's IEP.  20 U.S.C. § 1414(d)(1)(B).

[3] Because C.C.'s parents were not represented by an attorney when they filed this complaint (although they are represented by an attorney in the present appeal), there is no occasion for us to consider whether the complaint was "frivolous, unreasonable, or without foundation," as is required for a court to award attorneys' fees against a parent's attorney under § 1415(i)(3)(B)(i)(II).

No. 10-20285

complaint for an improper purpose, namely, to harass AISD staff and subject AISD to the costs of litigation.  An administrative hearing officer issued an order consolidating the parents' and AISD's complaints into one proceeding, on the grounds that both complaints arose out of the same facts and AISD's claims were essentially counterclaims to those raised in C.C.'s parents' complaint.

On October 8, 2007, C.C.'s parents moved to dismiss their complaint without prejudice, and also to dismiss AISD's complaint against them without prejudice.  AISD opposed the dismissal of its complaint.  The hearing officer dismissed C.C.'s complaint but not AISD's complaint.

On October 24, 2007, a hearing on AISD's complaint was held.  Neither the parents nor anyone representing them participated.  AISD introduced evidence, including witness testimony and exhibits.  On December 19, 2007, the hearing officer issued a written decision which concluded that AISD had re-evaluated C.C. in an appropriate manner; that C.C. had made meaningful educational progress during the 2006-2007 school year; that C.C.'s IEP for the 2007-2008 school year, which AISD had adopted over the parents' objections, was appropriate; and that AISD had provided C.C. with a free appropriate public education as required by the IDEA.  However, the hearing officer also concluded that AISD had failed to prove that C.C.'s parents had brought their complaint for any improper purpose.

On March 17, 2008, AISD filed suit against C.C. and his parents under 20 U.S.C. § 1415(i)(2)(A), in the United States District Court for the Southern District of Texas.  AISD sought an award of attorneys' fees under § 1415(i)(3)(B)(i)(III), and contended that the hearing officer had erred by

No. 10-20285

applying an incorrect standard in rejecting AISD's claim that the parents had filed their complaint for an improper purpose.  After AISD moved for summary judgment, the district court issued an order on April 7, 2010, denying the motion for summary judgment and dismissing the case sua sponte.

The district court held that "with regard to [C.C.]'s complaint before the TEA, AISD was not a prevailing party," since C.C.'s complaint "was voluntarily dismissed prior to full adjudication, and therefore, did not effect an alteration of the legal relationship between AISD and [C.C.]."  The district court further held that AISD could not recover attorneys' fees in connection with its own administrative complaint because, the court determined, that complaint did not really arise under § 1415; in other words, it was not an "action or proceeding brought under this section" per § 1415(i)(3)(B)(i).  The district court reasoned that § 1415 requires states to provide "[a]n opportunity for any party to present a complaint . . . which sets forth *an alleged violation* that occurred not more than 2 years before the date the parent or public agency knew or should have known about the alleged action that forms the basis of the complaint [or within a time limit set by state law]," *id.* § 1415(b)(6) (emphasis added), and therefore, an administrative complaint that does not allege a "violation" of the IDEA cannot serve as the basis of an "action or proceeding brought under this section" for purposes of § 1415(i)(3)(B)(i).  According to the district court, AISD's administrative complaint did not allege a "violation" of the IDEA, because it sought only (1) a declaratory judgment that AISD had complied with the requirements of the IDEA and (2) a finding that the parents had presented their complaint for an

6

No. 10-20285

improper purpose (which would not, in itself, be a "violation" of any provision of the IDEA).  AISD appealed from the district court's dismissal of its suit.

## II.

Our review of the district court's sua sponte dismissal of AISD's claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is de novo. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007); *Abraham v. Singh*, 480 F.3d 351, 354 (5th Cir. 2007).

"In the United States, parties are ordinarily required to bear their own attorney's fees . . . 'absent explicit statutory authority'" to seek such fees from the losing party.  *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (quoting *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)).  We therefore look to the relevant text of the IDEA and the Secretary of Education's regulations pursuant thereto, which, in our view, are decisive.  *See Vultaggio ex rel. Vultaggio v. Bd. of Educ.*, 343 F.3d 598, 602 (2d Cir. 2003).

Section 1415(i)(3)(B)(i) of the IDEA provides, in relevant part: "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . (III) to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. " 20 U.S.C. § 1415(i)(3)(B)(i).  The first question in this appeal is

7

No. 10-20285

whether the proceeding before the TEA hearing officer in which AISD sought a declaratory ruling was an "action or proceeding brought under" § 1415.

The impartial due process hearing is specifically provided in the text of § 1415(f). Such a hearing is commenced with the presentation of a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," *id.* § 1415(b)(6)(A), and is "conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency," *id.* § 1415(f)(1)(A). "Any party aggrieved by the [educational agency's] findings and decision" may file a civil action in state or federal court. *Id.* § 1415(i)(2)(A).

Section 1415(i)(3)(B)(i) authorizes a court[4] to award attorneys' fees "[i]n any action or proceeding brought under this section." The phrase "brought under this section" refers to actions and proceedings "brought under § 1415." *Vultaggio*, 343 F.3d at 602; *Lucht v. Molalla River Sch. Dist.*, 225 F.3d 1023, 1028 (9th Cir. 2000). "A 'proceeding brought under' § 1415 is a proceeding established by or referenced in § 1415." *Vultaggio*, 343 F.3d at 602.

"A proceeding is commenced under § 1415 by submitting a complaint pursuant to either § 1415(b)(6) or § 1415(k)." *Id.* Section 1415(b)(6) requires a procedure that affords "[a]n opportunity for *any party* to present a

---

[4] Although only courts have the statutory authority to award attorneys' fees, the statute authorizes fee awards for legal representation in connection with administrative due process hearings, not just court proceedings. *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422 n.4 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3467 (2010) (citing *A.R. ex rel. R.V. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 76 (2d Cir. 2005); *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 479 (7th Cir. 2003); *Duane M. v. Orleans Parish Sch. Bd.*, 861 F.2d 115, 120 (5th Cir. 1988)).

No. 10-20285

complaint . . . with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6) (emphasis added). "Section 1415(k), which is not otherwise relevant to this case, deals with issues regarding the placement of a child in an 'alternative educational setting.'" *Vultaggio*, 343 F.3d at 602. Receipt by the state or local educational agency of a complaint under either § 1415(b)(6) or § 1415(k) triggers the availability of an impartial due process hearing, *id.* § 1415(f), and its attendant procedural safeguards, *id.* § 1415(h). Therefore, an impartial due process hearing invoked by any party, including a school district, is a "proceeding brought under [§ 1415]." *See Vultaggio*, 343 F.3d at 602.

The Secretary of Education is authorized to issue regulations under the IDEA "to ensure that there is compliance with the specific requirements" of the statute. 20 U.S.C. § 1406(a). The implementing regulations for the impartial due process hearing contain a provision concerning attorneys' fees. 34 C.F.R. § 300.517. This provision explicitly references § 1415 as the authority under which it was promulgated. *Id.* (citing as authority 20 U.S.C. § 1415(i)(3)(B)-(G)). The regulation, tracking the language of the statute, provides that "[i]n any action or proceeding brought under [§ 1415], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to . . . a prevailing [state or local educational agency] against the attorney of a parent, or against the parent, if the parent's request for a due process hearing or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation." *Id.* § 300.517(a)(1).

9

No. 10-20285

The plain meaning of 20 U.S.C. § 1415(i)(3)(B)(i) and 34 C.F.R. § 300.517 convinces us that the administrative proceeding through which AISD sought a declaratory ruling that it was in compliance with the IDEA was a "proceeding brought under [§ 1415]."

Contrary to the district court's reading, § 1415(b)(6)(B) — which sets time limits for filing an administrative complaint "which sets forth an alleged violation" of the IDEA — does not prevent a party from filing a complaint about any matter relating to a child's IDEA entitlements without alleging a violation of the IDEA. Rather, this provision simply requires a party filing a complaint alleging a violation of the IDEA to do so timely. Reading the IDEA as a whole and giving meaning to all of its parts, we conclude that § 1415(b)(6)(B) provides for time limitations for filing complaints about IDEA violations, but that it does not impose a pleading requirement that every complaint by a party must allege an IDEA violation. Such a pleading requirement would directly conflict with the fact that the IDEA gives school districts the ability to file administrative complaints against parents — "for example, if they wish to change an existing IEP but the parents do not consent, or if parents refuse to allow their child to be evaluated." *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 53 (2005).[5] When a school district seeks an impartial due process hearing for such a purpose, it cannot allege a violation of the IDEA, because parents do not violate any provision of the IDEA by

---

[5] The IDEA specifically states that school districts can use "the procedures described in section 1415" for such purposes: "If the parent of [a child who may be disabled] does not provide consent for an initial evaluation . . . or the parent fails to respond to a request to provide the consent, the local educational agency may pursue the initial evaluation of the child by utilizing the procedures described in section 1415 of this title . . . ." 20 U.S.C. § 1414(a)(1)(D)(ii)(I).

No. 10-20285

refusing to consent to a change in an IEP or to an evaluation of their child. Therefore, § 1415(b)(6)(B) cannot be read to impose a pleading requirement that all administrative complaints must allege a violation of the IDEA. Instead, we read that provision as setting time limits for filing complaints that do allege violations of the IDEA.[6]

Further, although we agree with the district court that the dismissal of the parents' administrative complaint without prejudice did not grant prevailing party status to AISD, we conclude that AISD's success in obtaining the hearing officer's declaratory ruling that it had complied with the IDEA made it a prevailing party in that proceeding. "[P]revailing party status is a predicate for an award of attorney's fees" under § 1415(i)(3)(B)(i). *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 430 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3467 (2010). "Under the IDEA, 'a prevailing party is one that attains a remedy that both (1) alters the legal relationship between the school district and the handicapped child and (2) fosters the purposes of the IDEA.'" *Id.* at 421-22 (quoting *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998)). The voluntary dismissal of a

---

[6] The district court, in reaching its conclusion that the administrative proceeding in this case was not a "proceeding brought under [§ 1415]," relied in part on *Megan C. v. Independent School District No. 625*, 57 F. Supp. 2d 776 (D. Minn. 1999). However, that case is inapposite. The issue in *Megan C.* was whether a different administrative procedure — the "complaint resolution procedure" or CRP — was an "action or proceeding brought under [§ 1415]" for purposes of awarding attorneys' fees to the prevailing party. *Id.* at 782-83. The district court in *Megan C.*, after examining the statutes and regulations governing the CRP, concluded that that procedure was not an "action or proceeding brought under [§ 1415]." *See id.* at 783-86; *see also Vultaggio*, 343 F.3d at 602 n.2 ("*Megan C.* . . . concluded that a CRP is not a proceeding brought under § 1415."). The *Megan C.* district court's reasoning and conclusion have no bearing on whether the impartial due process hearing procedure in the present case, through which AISD obtained the hearing officer's declaratory judgment in its favor, was a "proceeding brought under [§ 1415]."

No. 10-20285

complaint, without prejudice, does not alter the legal relationship between the school district and the child. *See United States v. Milner*, 583 F.3d 1174, 1196-97 (9th Cir. 2009) ("[A] dismissal without prejudice does not materially alter the legal relationship of the parties, because the defendant remains subject to the risk of re-filing."), *cert. denied*, 130 S. Ct. 3273 (2010); *accord Newport News Holdings Corp. v. Virtual City Vision, Inc.*, --- F.3d ----, 2011 WL 1467183, *14 (4th Cir. Apr. 18, 2011). In contrast, the administrative hearing officer's ruling declaring AISD to be in compliance with the Act satisfied the requirements for prevailing party status under *Richard R.* It altered the legal relationship between the parties in AISD's favor, because it effectively prevented C.C.'s parents from bringing another complaint making the same claims as before. It also fostered the purposes of the IDEA by settling a dispute over whether the school district was taking appropriate measures to educate a child with a disability. Therefore, AISD's success in obtaining the declaratory ruling makes it a prevailing party.

The following issues remain to be decided by the district court on remand: (1) whether C.C.'s parents' administrative complaint "was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation," 20 U.S.C. § 1415(i)(3)(B)(i)(III); and (2) if so, whether the district court, in its discretion, considers it appropriate to award attorneys' fees against the parents, *id.* § 1415(i)(3)(B)(i). If the district court answers both questions in the affirmative, then it will of course need to determine the amount of fees to be awarded.

No. 10-20285

### III.

The district court's judgment dismissing AISD's complaint is REVERSED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.