# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2018

Lyle W. Cayce
Clerk

No. 17-50873

DUNSTER LIVE, LLC, individually and derivatively on behalf of LoneStar Logos & Signs, L.L.C.,

      Plaintiff - Appellee

v.

LONESTAR LOGOS MANAGEMENT COMPANY, LLC., individually and doing business as LoneStar Media Group; MEDIA CHOICE, LLC; CURTIS E. FORD; DREW CARTWRIGHT; VINCENT HAZEN; JOHNSTON MEDIA, L.L.C.; MATT JOHNSTON; LONESTAR LOGOS & SIGNS, LLC,

      Defendants - Appellants

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS, COSTA, and OLDHAM, Circuit Judges.

GREGG COSTA, Circuit Judge:

This is the first Defend Trade Secrets Act case that has reached our court. 18 U.S.C. § 1836 (effective May 11, 2016). But the appeal does not require us to decide anything about trade secrets. It instead raises a question of attorney's fees that we have addressed in the context of other federal statutes that allow prevailing parties to recover fees: Is a defendant eligible for fees when the plaintiff obtains a dismissal without prejudice? Because such a dismissal does not establish the winner of the dispute, we AFFIRM the denial of fees.

No. 17-50873

I.

Plaintiff and Defendants used to be members of the same limited liability company. The company had a contract with the state to construct and install the blue signs on Texas highways that advertise food, lodging, and gas stations located at approaching exits. In the months leading up to the contract expiration in 2016, Defendants formed a new company without Plaintiff. The new company won the state contract for the signs.

Plaintiff sued in federal court claiming Defendants stole proprietary software and a database in violation of the Defend Trade Secrets Act. The complaint also alleged related state law claims. Plaintiff soon sought a preliminary injunction to stop the new company from taking over the contract and using the alleged trade secrets. The district court denied the request.

Plaintiff then sought court permission to dismiss the case without prejudice. *See* FED. R. CIV. P. 41(a)(2) (requiring court approval for dismissal once the opposing party has filed an answer or motion for summary judgment). It explained that it no longer wished to pursue the federal trade secret claim, which was the only basis for subject matter jurisdiction. Defendants opposed this motion on the ground that Plaintiff was engaging in "bad faith" by seeking to avoid an adverse merits ruling and liability for substantial attorney's fees. The district court nonetheless allowed the dismissal without prejudice.

After dismissal, Defendants sought upwards of $600,000 in attorney's fees. Adopting the recommendation of a magistrate judge, the district court denied the fee request. It concluded that a dismissal without prejudice does not make the defendant a prevailing party because the plaintiff is "free to resurrect its claims against the defendant and may prevail at a later date." Indeed, after the dismissal Plaintiff filed essentially the same lawsuit in state

court except for the federal claim.

## II.

Most federal fee statutes allow a court to award fees only to a prevailing party.[1] *Buckhannon Bd. and Care Home, Inc. v. W.V. Dept. of Health and Human Res.*, 532 U.S. 598, 602–03 (2001). A dismissal without prejudice means no one has prevailed; the litigation is just postponed with the possibility of the winner being decided at a later time in a new arena. *Alief Ind. Sch. Dist. v. C.C. ex rel. Kenneth C.*, 655 F.3d 412, 418–19 (5th Cir. 2011) (dismissal without prejudice does not grant prevailing party status in Individuals with Disabilities Education Act suit); *United States v. Milner*, 583 F.3d 1174, 1196–97 (9th Cir. 2009) (same for Equal Access to Justice Act); *RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007) (same for Patent Act fee provision); *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1076–77 (7th Cir. 1987) (same for Civil Rights Act fee provision). In the words of the standard the Supreme Court has announced for determining prevailing party status, a dismissal that allows for refiling does not result in a "material alteration of the legal relationship of the parties." *Buckhannon*, 532 U.S. at 604; *see Alief*, 655 F.3d at 418 (citing *Milner*, 583 F.3d at 1196–97). A dismissal without prejudice thus does not make any party a prevailing one.

Defendants suggest that this rule allows plaintiffs to evade paying fees by strategically seeking a dismissal without prejudice once a plaintiff realizes the suit is doomed. That concern ignores that a dismissal without prejudice

---

[1] Plaintiff argues that the district court lacked jurisdiction to award fees once it dismissed the case. Not true. A court retains the ability to decide a collateral issue like a fee motion after the action is dismissed. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Perhaps the best illustration of this principle is that district courts have jurisdiction to award fees even for cases in which they never had jurisdiction. *See, e.g.*, *Renegade Swish, LLC v. Wright*, 857 F.3d 692 (5th Cir. 2017) (allowing attorney's fees under 28 U.S.C. § 1447(c) after remanding removed case to state court because there was no federal jurisdiction).

requires court approval unless it occurs very early in the game. *See* FED. R. CIV. P. 41(a)(2). And one of the reasons a court may deny such a request is bad faith on the plaintiff's part. *See United States ex rel. Vaughn v. United Biologics, L.L.C.*, --- F.3d ----, 2018 WL 5000074, *8–9 (5th Cir. Oct. 16, 2018). If a court concludes that is what is happening, it can require a dismissal with prejudice. *See* FED. R. CIV. P. 41(a)(2). When a court requires that prejudice attach to the dismissal because the plaintiff has sought to "escape a disfavorable judicial determination on the merits," the defendant may well be a prevailing party. *Dean v. Riser*, 240 F.3d 505, 510 (5th Cir. 2001). Yet the district court here allowed a dismissal without prejudice, a ruling Defendants do not appeal.

In addition to this Rule 41 barrier to opportunistic dismissals, Rule 11 provides a check on the behavior Defendants are concerned about. Rule 11 sanctions can be imposed against a party litigating in bad faith even when there is no prevailing party. *See Szabo Food*, 823 F.2d at 1077 (explaining that "Rule 11 fees may be awarded even *against* prevailing parties").

Defendants contend that what is true of Rule 11 is also true of the Defend Trade Secrets Act attorney's fee provision: a plaintiff's making a bad faith claim of trade secret misappropriation supports a fee award even when the defendant has not officially prevailed. This is what the statute says:

> [I]f a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence, a motion to terminate an injunction is made or opposed in bad faith, or the trade secret was willfully and maliciously misappropriated, [a court may] award reasonable attorney's fees to the prevailing party.

18 U.S.C. § 1836(b)(3)(D). Allowing bad faith alone to support a fee award would improperly read the concluding language—"the prevailing party"—out of the statute. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 386 (2013) ("[W]e are

hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law." (cleaned up)).   Instead, the statute makes prevailing a necessary but not sufficient requirement for fees. To be eligible, the party seeking fees (1) must prevail and (2) it must do so in one of the three listed scenarios that also require a showing of bad faith or malice.  *See* 18 U.S.C. § 1836(b)(3)(D).

Erasing "prevailing party" from the fee statute would be especially troubling because it is a term of art that Congress has used in numerous attorney's fees statutes.  *Buckhannon*, 532 U.S. at 603 n.4.   Courts have consistently interpreted the term in laws ranging from the Civil Rights Act[2] and American with Disabilities Act[3] to the Copyright Act[4] and Petroleum Marketing Practices Act.[5]  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'").

Yet Defendants argue that if prevailing is a requirement for fees under the Defend Trade Secrets Act—and we have just explained that it is—then we should interpret "prevailing party" to mean something different from what it means in all these other laws.  This is because, they argue, the federal trade secrets law is modeled after the Uniform Trade Secrets Act and many states that have adopted the language of that model act have taken a broader view of prevailing party status in trade secret cases.  One problem with this argument is that those decisions do not seem to turn on anything special about trade secret law, but rather rely on general state attorney's fees law that more

---

[2] *Dean*, 240 F.3d at 507.

[3] *Buckhannon*, 532 U.S. at 601.

[4] *Cadkin v. Loose*, 569 F.3d 1142, 1148–49 (9th Cir. 2009).

[5] *Yousuf v. Motiva Enters. LLC*, 246 F. App'x 891, 893 (5th Cir. 2007) (per curiam).

liberally awards fees.  *See, e.g., Cypress Semiconductor Corp. v. Maxim Integrated Prods., Inc.*, 186 Cal. Rptr. 3d 486, 495–96 (Cal. Ct. App. 2015) (looking to non-trade secrets law to hold that the defendant prevailed); *Epps v. Fowler*, 351 S.W.3d 862, 869–70 (Tex. 2011) (holding, not in the trade secrets context, that when a case is voluntarily dismissed to avoid an unfavorable judgment, the defendant can be considered a prevailing party).

The bigger problem for Defendant's attempt to import state law is that "prevailing party" status in a federal statute is a question of federal law.  And when Congress repeats a term of art like "prevailing party" in a new statute like the Defend Trade Secrets Act, it "knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed."  *Morissette v. United States*, 342 U.S. 246, 263 (1952); *see also Bragdon v. Abbott*, 524 U.S. 624, 645 (1998) ("When administrative and judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its administrative and judicial interpretations as well.").  In addition to this fundamental textual reason for interpreting prevailing party to mean the same thing in the Defend Trade Secrets Act that it does in other fee statutes, setting uniform rules for the numerous federal fee statutes makes it more efficient for district courts to process the substantial numbers of fee motions they receive.  The dismissal without prejudice does not support a fee award.

Defendants argue that even if the dismissal does not make them a prevailing party, they achieved that status earlier in the case when they defeated the request for a preliminary injunction.  But prevailing party status ordinarily requires being ahead when the final whistle blows in a case, not at

halftime. *See Planned Parenthood of Houston & Se. Tex. v. Sanchez*, 480 F.3d 734, 742–43 (5th Cir. 2007). There is an exception that allows fees when a court grants a preliminary injunction because of a likelihood of success on the merits and that injunction causes the defendant to change its conduct thus mooting the case. *Dearmore v. City of Garland*, 519 F.3d 517, 524 (5th Cir. 2008). That principle is consistent with the overarching "prevailing party" requirement of judicial action that changes the parties' relationship. *Buckhannon*, 532 U.S. at 604–05. In contrast, the denial of an injunction does not change the status quo; it preserves it. *Cf. Dearmore*, 519 F.3d at 522–24.

Taking the lead early in the lawsuit thus did not make Defendants eligible for fees. Nor did the trial court's postponement of the litigation when it allowed Plaintiff to dismiss the federal suit without prejudice. The dispute has now been rescheduled for state court, where the winner will be decided. Because there was never a final score in this federal lawsuit, the Defend Trade Secrets Act does not allow attorney's fees.

The judgment of the district court is AFFIRMED.