# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2020

Lyle W. Cayce
Clerk

No. 20-10386

Automation Support, Incorporated, *doing business as* Technical Support,

*Plaintiff—Appellant*,

Todd Phillippi,

*Movant—Appellant*,

*versus*

Humble Design, L.L.C.; Warren David Humble,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-04455

Before Wiener, Costa, and Willett, *Circuit Judges*.
Gregg Costa, *Circuit Judge*:

This case began almost six years ago when Automation Support, Inc., sued former employees and one employee's new company, Humble Design, L.L.C., under the Texas Theft Liability Act (TTLA). But what started as a case about theft of trade secrets has mutated into a protracted dispute over attorney's fees—a dispute we already resolved.

No. 20-10386

After a year and a half of litigation in the district court, the parties agreed to voluntarily dismiss all claims with prejudice. In the joint stipulation, defendants Humble Design and Warren Humble reserved the right to seek attorney's fees under the TTLA, which is a "loser pays" law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 134.005(b). The magistrate judge later awarded those fees.

Multiple rounds of appeals and motions to vacate the judgment ensued. In 2018, we affirmed the magistrate judge's decision and remanded for the district court to award appellate attorney's fees. *Automation Support, Inc. v. Humble Design, L.L.C.*, 734 F. App'x 211, 216 (5th Cir. 2018). When Automation Support and associated individuals[1] tried, belatedly, to appeal again, we dismissed for lack of jurisdiction. *Automation Support, Inc. v. Humble Design, L.L.C.*, 796 F. App'x 223, 224 (5th Cir. 2020).

Automation Support is appealing once more. The current appeal concerns its most recent motion for relief from judgment under Rule 60(b), in which it again argued that the magistrate judge did not have jurisdiction to award attorney's fees. The magistrate judge denied the motion in March 2020, and this appeal is timely only as to the order denying that Rule 60 motion. Automation Support cannot appeal the underlying judgment that issued years ago.

To the extent Automation Support argues that the defendants were not prevailing parties, we have already rejected that argument. *See Automation Support*, 734 F. App'x at 215–16. Under the law of the case doctrine, "ordinarily an issue of fact or law decided on appeal may not be

---

[1] The plaintiffs in this case also include Automation Support's owners, Renee and Bill McElheney, and former attorney Todd Phillippi, all of whom purport to act on behalf of the company. We refer to the plaintiffs collectively as "Automation Support."

No. 20-10386

reexamined either by the district court on remand or by the appellate court on subsequent appeal." *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004) (citation and quotation marks omitted); *see Musacchio v. United States*, 136 S. Ct. 709, 716 (2016). We held in 2018 that the defendants were entitled to attorney's fees. *Automation Support*, 734 F. App'x at 216. Our ruling was final then and remains so today.

Automation Support's new attack—that the Rule 41 joint dismissal deprived the district court of jurisdiction to later award fees—is wrong. This latest effort to undo the fee award flies in the face of well-established law that a court can award attorney's fees after a voluntary dismissal. *See, e.g.*, *Zimmerman v. City of Austin*, 969 F.3d 564, 568–69 (5th Cir. 2020) ("Ancillary enforcement jurisdiction extends to fees."); *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (explaining that a court retains authority to award attorney's fees after a Rule 41 dismissal); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (noting it is "well established that a federal court may consider collateral issues after an action is no longer pending" and listing attorney's fees as an example).[2] District courts routinely award fees after an entry of final judgment. *Cooter*, 496 U.S.

---

[2] An old Fifth Circuit decision holds that a district court lacks jurisdiction to enter a fee award once the plaintiff files a self-executing dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976). Although the Supreme Court rejected that view in *Cooter*, 496 U.S. at 395, *Williams* continues to cause confusion about a district court's ability to consider fee motions after a Rule 41 dismissal. *See, e.g.*, *Lightsource Analytics, LLC v. Great Stuff, Inc.*, 2014 WL 4744789 (W.D. Tex. Sept. 23, 2014). Today we make explicit what our cases like *Qureshi* have long recognized: the Supreme Court overruled *Williams v. Ezell* to the extent it states that a Rule 41 dismissal deprives a court of jurisdiction to rule on a fee request or other ancillary matter. *See Qureshi*, 600 F.3d at 525; *see also Dunster Live, LLC v. LoneStar Logos Mgmt. Co.*, 908 F.3d 948, 951 (5th Cir. 2018) (reviewing order, entered after Rule 41 dismissal, that denied fee request and affirming because a dismissal without prejudice does not produce a prevailing party).

at 395 (recognizing that "even 'years after the entry of a judgment on the merits,' a federal court could consider an award of counsel fees" (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 451 n.13 (1982))).

Instead of accepting our earlier ruling, Automation Support has inundated the district court and our court with rounds of frivolous filings attempting to secure a different outcome. Because of Automation Support's stubborn, bad-faith refusal to recognize what we held three years ago, defendants may file a motion with this court for appellate attorney's fees under 28 U.S.C. § 1927.

\* \* \*

"We meant what we said, and we said what we meant." *See* Dr. Seuss, Horton Hatches the Egg (1940). We once again AFFIRM the judgment of the district court.