# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2022

Lyle W. Cayce
Clerk

No. 22-10116

SEALED APPELLANT,

*Plaintiff—Appellant*,

*versus*

SEALED APPELLEE,

*Movant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-1394

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Appellant is a qui tam relator who filed suit after she discovered that some of Appellee's employees and two other named defendants were involved in a scheme to submit false claims to the Government. Because Appellant did not know the employees' names, she listed "John Does (1-5) Inclusive" as defendants. But Appellee was not named as a defendant.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Nevertheless, both parties and the Government signed a settlement agreement. Appellee agreed to pay a sum of money to the Government, Appellant received some of those funds as the qui tam relator, and Appellant reserved her right to seek attorney fees. The parties then moved the district court to dismiss the case with prejudice. Only after the district court dismissed the case with prejudice did Appellant move the district court to grant her attorney fees from Appellee. The problem is that Appellee wasn't a party to the case. As a result, the district court denied the motion. Appellant also asked the district court to let her amend her complaint to add Appellee as a defendant, but the district court denied that motion too.

We find no error in the district court's order. 31 U.S.C. § 3730(d)(1) says that "a relator in a successful *qui tam* action is entitled to 'receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorney fees and costs.'" *United States ex rel. Longhi v. United States*, 575 F.3d 458, 475 (5th Cir. 2009) (quoting 31 U.S.C. § 3730(d)(1)). But "[a]ll such expenses, fees, and costs shall be awarded against *the defendant*." 31 U.S.C. § 3730(d)(1) (emphasis added). Appellee wasn't a defendant, meaning the district court did not have authority to grant Appellant's motion. *See, e.g.*, *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) (rejecting the argument that the United States is effectively a "party" to a FCA suit even when it has not intervened and noting that "[a] 'party' to litigation is 'one by or against whom a lawsuit is brought'" (quoting BLACK'S LAW DICTIONARY 1154 (8th ed. 2004)); *see also Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 450 (5th Cir. 1995).

Nor did the district court abuse its discretion by denying Appellant's motion to amend her complaint to add Appellee as a defendant. While Appellant argues that Federal Rule of Civil Procedure 15(a)'s liberal standard for amending pleadings applies, it does not. Rule 15(a) applies only before

entry of judgment. After judgment, amending the complaint is much more difficult. "In cases where a party seeks to amend her complaint after entry of judgment, we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). Appellant has not shown that she could not have added Appellee as a defendant before stipulating to dismissal.

Appellant has two remaining arguments. First, she argues that Appellee *was* a defendant because the complaint listed John Doe defendants as unknown individuals, corporations, and co-conspirators who engaged in the prohibited conduct described in the complaint. But as the district court correctly noted, use of "'John Doe to identify a defendant is not favored." *Colle v. Brazos Cty.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993). That designation is only permitted to "conduct discovery . . . to identify . . . unknown defendants." *Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (per curiam). A John Doe pleading will be dismissed if reasonable inquiry would have revealed the defendant's true identity. *See, e.g.*, 2 MOORE'S FEDERAL PRACTICE § 10.02[2][d][i] (3d ed. 2006). What is more, the settlement agreement Appellant signed explicitly stated that Appellee was *not* a defendant in this case. The district court correctly saw through Appellant's Hail Mary attempt to pretend that Appellee was actually a defendant all along simply to obtain attorney fees.

In a final attempt to seize attorney fees from the jaws of defeat, Appellant argues that the stipulation of dismissal is a "legal nullity," so the case is in fact still pending. Appellant says this is so because stipulations of dismissal cannot reserve claims against a defendant—yet this settlement agreement purported to reserve Appellant's right to seek attorney fees from Appellee. But a motion for attorney fees is not a "claim." It is rather an

"'independent proceeding' supplemental to the original proceeding." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (quoting *Sprague v. Ticonic National Bank*, 307 U.S. 161, 170 (1939)). A district court may still award attorney fees after a Rule 41(a) stipulation of dismissal has been entered. *Id.* So a reservation of right to pursue attorney fees does not render a Rule 41(a) stipulation of dismissal void. *See Automation Support, Inc. v. Humble Design, L.L.C.*, 982 F.3d 392, 395 n.2 (5th Cir. 2020) (noting that Rule 41 dismissal does not divest "a court of jurisdiction to rule on a fee request or other ancillary matter" (citing *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010)).

AFFIRMED.